IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 10, 2001

## PAUL FREEMAN v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Madison County**
**No. 00-005     Roger A. Page, Judge**

-------

**No. W2000-00943-CCA-R3-PC  - Filed February 21, 2001**

-------

JOE G. RILEY, J., dissenting.

As noted in the majority opinion, the appellant does not contend the City Court did not advise him of his constitutional rights.  The sole issue in this case is whether the appellant was impaired to the degree that he did not voluntarily enter his guilty plea.

The trial judge heard testimony from two witnesses concerning the procedure followed by the City Court judge prior to accepting guilty pleas.  The trial judge heard testimony from an officer who was present at the time of the guilty plea, and he testified there was no indication that the defendant was under the influence of an intoxicant at the time of the plea.  The trial judge also was able to observe the demeanor and determine the credibility of the defendant who also testified.

The trial judge entered a three-page order detailing his findings.  The trial judge specifically noted that it considered "the credibility of the witnesses in open court."  I take that to mean he was not impressed with the credibility of the defendant.  The trial judge specifically found that the "petitioner was not impaired at the time of his guilty plea" and concluded as a matter of law that the "decision to plead guilty was freely, voluntarily and intelligently made."  (Emphasis added).

Since questions concerning the credibility of witnesses and the weight and value to be given their testimony are resolved by the trial court, not this court, I am unable to conclude that the evidence preponderates against the findings of the trial court.  *See* State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).  For these reasons, I respectfully dissent.

_____
JOE G. RILEY, JUDGE